UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEVE BYRON ROBERT                         CIVIL ACTION NO. 14-cv-2207

VERSUS                                     JUDGE FOOTE

TIM KEITH                                  MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Steve Byron Robert ("Petitioner") was convicted of DWI, fourth offense, by a Caddo Parish jury. He was sentenced to 25 years in prison. His conviction and sentence were affirmed on direct appeal. State v. Robert, 42 So.3d 1059 (La. App. 2d Cir. 2010), writ denied, 56 So.3d 966 (La. 2011). Petitioner then pursued a post-conviction application in the state courts. He now seeks federal habeas corpus relief on four issues. For the reasons that follow, it is recommended that his petition be denied.

**Background Facts**

Archie Pickard, who lived on Colquitt Road, testified that he walked into his kitchen one night and "the kitchen exploded." He soon saw headlights and realized that a truck had run into his home, and the cab was actually inside his kitchen. Pickard said he opened the passenger door to check on the driver, and he saw Petitioner in the driver's seat "leaned over like he was still driving with a smile on his face." The truck was still in gear, and Petitioner was attempting to drive forward.

Several neighbors gathered at the scene. Pickard and his neighbors testified that Petitioner appeared intoxicated and had the odor of alcohol around him. One neighbor said he knew that Petitioner was drunk because, "I've been drunk a lot of times in my life ... I know what being drunk is." Other witnesses testified that Petitioner "kept gassing it" and was "very drunk." Some testified that Petitioner could barely walk as officers removed him from the truck, and he wobbled all over the yard as officers tried to get him to a police car.

Police officers testified that Petitioner had glassy and bloodshot eyes, as well as an extremely strong odor of alcohol emitting from his person. One officer said that she had to physically hold Petitioner up because he could not walk. Petitioner was "very incoherent."

Petitioner had three prior convictions for DWI. The jury found him guilty of DWI fourth offense.

**Relevant Procedural History**

It was proved at trial that Petitioner was guilty of the current offense and had prior DWI convictions in 2006, 2000, and 1997. At sentencing, the prosecutor noted that Petitioner's rap sheet also showed "several charges of DWI," including charges in 1983, 1985, and 1992. Tr. 667. The court took into account Petitioner's lengthy criminal history of driving while intoxicated "offenses and convictions" and found that "there were other prior DWI convictions." The court imposed a sentence of 25 years at hard labor, of which 60 days were without benefit of probation, parole, or suspension of sentence. Tr. 668-69.

Louisiana allows two years from the finality of conviction to file a post-conviction application. La. C.Cr. P. art. 930.8. Petitioner's conviction became final for purposes of that

rule in January 2011 when the Supreme Court of Louisiana denied his writ application. La. C.Cr. P. art. 922. Petitioner's first post-conviction application, timely filed in October 2011, alleged that defense counsel rendered ineffective assistance because he did not object that Petitioner had not been convicted of DWI in 1983 or 1992 as indicated by the State. Petitioner also faulted counsel for not objecting that the statute under which he was sentenced did not preclude the benefit of parole. Tr. 771-83. The State answered the application, but the trial court did not issue a ruling.

In May 2013, more than two years after the conviction became final, Petitioner filed an amended post-conviction application that repeated the original claim and asserted three new ones. The amended application argued that defense counsel was ineffective for (1) advising Petitioner to reject a five-year plea bargain, (2) not objecting to the State's reference to the 1983 and 1992 DWIs at sentencing, (3) not objecting to the use of prior convictions on the grounds that the guilty pleas did not comply with Boykin and similar requirements, and (4) not objecting that the evidence used to prove his conviction violated Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) because it did not establish his identity and the constitutionality of all predicate convictions. Tr. 799-809. The State's response raised procedural objections and challenged the claims for lack of factual support.

The trial court, without a hearing, issued a written ruling that addressed the (amended) application filed in May 2013, without reference to or acknowledgment of the original 2011 application. The court summarized the claims presented in the amended application and set forth the applicable standard from Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

The court then denied the claims because Petitioner had "not provided any evidence" that his trial counsel acted improperly, and the claims in the application "exist on mere allegation alone." The court went on to state that the claims were repetitive because they attempted to relitigate the sufficiency of the evidence and other issues presented on direct appeal, and the 2013 filing was untimely under the two-year limit of La. C. Cr. P. Art. 930.8. Tr. 844-46.

Petitioner applied to the appellate court for relief. He argued that he was entitled to a hearing and ruling on his original 2011 application, that his amended application was timely under Louisiana jurisprudence that allows amendments of timely applications, that Petitioner was entitled to an evidentiary hearing on his plea bargain advice claim. His list of issues included the contention that Petitioner was entitled to be resentenced because the State knowingly presented false statements that he had 1983 and 1992 DWI convictions. But the body of the application did not argue that issue. Instead, it urged that counsel was ineffective for not challenging the constitutionality of the guilty pleas on the prior convictions. Tr. 847-55.

The state appellate court acknowledged that Petitioner sought review of the trial court's "ruling denying his 2011 and 2013 claims for post-conviction relief." The court added: "On the showing made, the writ is denied." Tr. 896. The Supreme Court of Louisiana denied writs without comment. Tr. 909.

**No Hearing on the Original Post-Conviction Application**

Petitioner argues that he is entitled to a hearing and ruling on his original 2011 post-conviction application. The trial court appears to have overlooked the 2011 application, but

its written ruling specifically addressed and rejected the single claim (no convictions in 1983 and 1992) that was asserted in the 2011 filing and repeated in the 2013 amendment. The state appellate court expressly acknowledged that Petitioner filed applications in both 2011 and 2013. It rejected both.

The federal habeas court does not sit to correct procedural errors alleged to have happened in the postconviction process. "[I]nfirmities in State habeas proceedings do not constitute grounds for relief in federal court." Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001). See Kinsel v. Cain, 647 F.3d 265, 273 (5th Cir. 2011) ("no state habeas infirmities" rule barred habeas review of claim that state appellate court violated due process during post-conviction proceedings).

These rules have been relied upon to reject habeas claims that the state court should have held an evidentiary hearing on a post-conviction application. Mathis v. Dretke, 124 Fed. Appx. 865, 871-72 (5th Cir. 2005). There is no requirement that the state court hold a full and fair hearing before it denies a postconviction application, and the federal court applies a presumption of correctness to state court findings even absent such a hearing. Id., citing Valdez v. Cockrell, 274 F.3d 941, 949 (5th Cir. 2001). Petitioner is not entitled to habeas relief from his conviction based on this claim.

**Amended Application is Timely**

Petitioner argues that his original application was timely and that his later-filed amended application should have been considered timely under State ex rel. Duhon v. Whitley, 642 So.2d 1273 (1994), which stated that Louisiana courts have discretion to

determine whether the interests of justice require that a prisoner be allowed to amend and supplement a timely filed post-conviction application.

The trial court denied relief based primarily on the perceived lack of merit; untimeliness was added as an alternative ground for denial. The State has argued that some of the claims presented in the federal petition are barred due to the alleged untimeliness of the amended application, but this Report and Recommendation recommends dismissal of the claims on the merits rather than any timeliness or procedural bar defense. Glover v. Hargett, 56 F.3d 682, 684 n.1 (5th Cir. 1995)(the court may decline to address whether a claim is procedurally barred when the claim fails on the merits). Accordingly, there is no reason to explore the issue unless a reviewing court finds that a substantive claim has merit.

The claims presented in the amended application were denied on the merits, and they will be tested before this court on the merits. The state court's alternative rationale of untimeliness is not relevant given the election of the undersigned to review the claims on the merits. Furthermore, a federal habeas court does not sit as a super state supreme court to review issues decided by state courts on state law grounds. Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991). Petitioner is not entitled to habeas relief on this claim.

**Plea Bargain Advice**

Petitioner argues that defense counsel was ineffective for "rejecting the five-year plea bargain under the false representation he could win at trial due to the State's inability to prove that I was intoxicated ... ." Petitioner's state court application offered this same assertion, with no correspondence, affidavit, transcript, or other evidence to support the

claim. Petitioner cited the recent decision in Lafler v. Cooper, 132 S.Ct. 1376 (2012) that clarified that defendants are entitled to the effective assistance of counsel during plea negotiations and that, if incompetent advice to reject an offer is given, a defendant may show prejudice by establishing a reasonable probability that the plea offer would have been accepted by the defendant and the court and resulted in a less severe conviction or sentence.

This claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard (as applied in Lafler) was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S.Ct. 770, 786 (2011). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system. Id. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

The state court did not hold an evidentiary hearing but, as noted above, "a full and fair hearing in state court is not a prerequisite to applying the AEDPA's deferential scheme." Wiley v. Epps, 625 F.3d 199, 207 (5th Cir. 2010). This court must assess the state court's

rejection of the claim to determine whether it was an objectively unreasonable application of Strickland/Lafler, and this court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). It is reversible error for a federal district court to hold a federal hearing to flesh out such a claim. Pape v. Thaler, 645 F.3d 281, 288 (5th Cir. 2011).

Petitioner presented *no* evidence in the state court to support his conclusory claim—which he raised for the first time years after the trial—that defense counsel recommended he reject a five-year plea offer and proceed to trial and face much greater sentencing exposure. There is no evidence (or even articulation of specific facts) that a plea offer was made by the State or, assuming one was made, what advice defense counsel offered. Given the complete lack of supporting evidence, this court cannot say that the state court acted unreasonably in denying this claim on the merits.

**No Objection to Prior Convictions**

    **A. Introduction**

Petitioner's amended post-conviction application listed and briefed claims that defense counsel was ineffective for (1) not objecting to the State's representation that Petitioner had 1983 and 1992 convictions and (2) not objecting to the use of the 1997, 2000, and 2006 convictions as predicate offenses to gain a fourth offense conviction. When Petitioner filed his application to the state appellate court, his list of "issues and questions presented" included the 1983/1992 sentencing factor argument as issue number four, but the argument portion of his brief for issue number four never mentioned that issue; it was devoted solely

to the claim that counsel should have challenged the predicate convictions under Boykin and related authority. Tr. 848-49, 852-55. Petitioner did the same thing in his application to the Supreme Court of Louisiana. Tr. 899-900, 903-06.

Petitioner repeats the same error in his memorandum to this court. His fourth listed issue argues that counsel should have objected when the State presented false statements regarding 1983 and 1992 convictions, but the argument portion of his memorandum does not speak to that issue. Rather, it argues that defense counsel should have objected to the predicate convictions. Both arguments lack habeas merit.

### B. 1983 and 1992 Offenses

Petitioner has asserted that the State knowingly presented false statements at sentencing that he had DWI convictions in 1983 and 1992, but he has never presented a scrap of evidence to support this assertion. Furthermore, the prosecutor spoke only to "several charges of DWI" in 1983, 1985, 1992, and the three predicate convictions. The State did not affirmatively represent that Petitioner had been actually convicted of all of those prior charges. The sentencing judge said that he took into consideration the "lengthy criminal history" of DWI "offenses and convictions," as well as the fact that Petitioner was on probation at the time of his most recent arrest. Accordingly, it does not appear that the court necessarily understood the State's argument to be that Petitioner was actually convicted of the 1983 and 1992 charges. Petitioner has attempted to create an issue based on the use of imprecise terms such as charges and offenses, but he has nothing else to support his claim. Absent a more compelling factual record, this court cannot say that the state court's decision

to deny a Strickland claim based on the lack of an objection from defense counsel was an objectively unreasonable application of Strickland.

### C. Challenge to Prior Convictions

Petitioner argues that counsel should have challenged the use of his three prior convictions on the grounds that the State did not prove he was represented by counsel, received proper Boykin advice, and the like in connection with his prior guilty pleas. The State offered into evidence the records of the prior convictions, and a fingerprint expert witness testified that the prints he took from Petitioner in court matched the prints in the records of the prior convictions. Tr. 606-22. The records of the prior convictions reflect that Petitioner was represented by counsel at each plea hearing, and the court fully advised him, per Boykin, of his right to trial, the right to confront his accusers, his right against self-incrimination, and other constitutional rights. Tr. 69-86, 97-105.

Petitioner also argues that counsel should have challenged the use of the prior pleas on the grounds that Petitioner was not advised of other matters such as the minimum and maximum penalties, that the conviction could make future violations more serious, and the right to appeal. This claim is not supported by the law or facts.

First, the transcripts show that Petitioner was advised on the record about most of the issues. The plea transcripts show that Petitioner was told at two of the plea hearings of the penalty range and that penalties for future offenses could be more severe because of the conviction. In the third case, from Bossier City, those warnings were included in a written waiver of rights and guilty plea form signed by Petitioner and his attorney. Petitioner stated

at each hearing that he was satisfied with his attorney. Either he or his attorney represented at each hearing that he understood the nature of the charges.

Second, Petitioner cites no authority for the proposition that courts accepting guilty pleas must advise of all such rights before the conviction can be used to increase the degree of a future charge. There is authority to suggest that such an objection by counsel would have been unsuccessful. State v. Easter, 170 So.3d 1051, 1056-57 (La. App. 1st Cir. 2015) (trial judge required to inform the defendant of the three enumerated Boykin rights, but the jurisprudence had not extended the scope of Boykin to include advising of any other rights); State v. Henry, 788 So.2d 535 (La. App. 1st Cir. 2001) (to use a prior plea to enhance DWI charge, judge must have advised of the three Boykin rights and ascertained that the accused understood what the plea connoted and its consequences).

Finally, Petitioner argues that counsel should have challenged the prior convictions because Petitioner was told that the offenses would be expunged upon completion of his probation so they could not be used in future sentences. Once again, Petitioner presented zero evidence to support this bold assertion, and the transcripts do not include any such promises. The state court's decision to deny these Strickland claims was not objectively unreasonable. Petitioner is not entitled to habeas relief.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days

from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of March, 2017.

Mark L. Hornsby
U.S. Magistrate Judge